IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PAULA HOUSE <br> JOHN HOUSE, <br>               Plaintiffs, <br> v. <br> QUIKTRIP CORPORATION, <br>               Defendant. | Case No. 4:20-cv-923 <br><br> Circuit Court of Jackson County, <br> Missouri, Case No. 2016-CV22192 <br><br> <u>JURY TRIAL DEMANDED</u> |

## NOTICE OF REMOVAL

TO: The Honorable Judges of the United States District Court for the Western District of Missouri; and

John E. Turner
Christopher P. Sweeny
Marty W. Seaton
10401 Holmes Road, Suite 450
Kansas City, Missouri 64131
turner-sweeny@msn.com
csweeny@turnersweeny.com
mesaton@turnersweeny.com
*Attorneys for Plaintiffs*

PLEASE TAKE NOTICE that Defendant QuikTrip Corporation ("QT"), by and through counsel, hereby removes the above-captioned action from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri.

Removal to this Court is proper under 28 U.S.C. §§ 1441, 1446 and 1332(a). Removal is based on the grounds that follow.

## DIVERSITY OF CITIZENSHIP

1. On October 22, 2020, the above-captioned case was commenced by Plaintiffs in the Circuit Court of Jackson County, Missouri, Case No. 2016-CV22192.

2. Summons was issued to QT and service of process was effectuated. A complete copy of the State Court file is attached hereto as **Exhibit A**.

3. Plaintiff Paula House allegedly sustained personal injuries from a slip and fall on a wet floor at a QT store on or about May 11, 2018. Plaintiffs allege that QT was negligent and breached its duty in several respects. (*See* Exhibit A, Petition, ¶ 6).

4. Plaintiffs are residents of the state of Missouri. (*See* Exhibit A, Petition, ¶1).

5. QT is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma.

6. Complete diversity of citizenship, therefore, exists for purposes of 28 U.S.C § 1332.

## AMOUNT IN CONTROVERSY

7. The jurisdictional amount requirement is satisfied because the value of Plaintiffs' claims exceeds $75,000, exclusive of interests and costs.

8. Upon removal, the relevant inquiry into the jurisdictional amount "'is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are.'" *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009) (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)) (emphasis in original). In other words, to prevent removal the plaintiff must "establish to a legal certainty that the claim is for less than the requisite amount." *Id*. at 956.

9. Because Missouri prohibits pleading specific dollar amounts in a petition seeking damages based upon an alleged tort, this district evaluates the amount in controversy by considering evidence that "may include a plaintiff's conduct and representations, including settlement offers by the plaintiff exceeding the jurisdictional amount, the plaintiff's refusal to

stipulate that she would not demand more than the jurisdictional amount, or an extensive list of serious and disabling injuries suffered by the plaintiff." *Neighbors v. Muha*, No. 05-472-CV-W-GAF, 2005 WL 2346968, at *2 (W.D. Mo. Sept. 26, 2005).

10. Here, Plaintiff Paula House allegedly sustained injury to her head, hip and neck including a concussion, closed head injury, from which she allegedly has recurring headaches, intermittent blurred vision, memory issues and memory failures, and neurocognitive impairments. She allegedly has ongoing residual disabilities as a result of her injuries and is unable to function and perform her normal work, resulting in economic loss. (Exhibit A, Petition, at ¶7). Additionally, Plaintiff John House seeks damages for the loss of services of his wife, Paula. (Exhibit A, Petition, at Count II).

11. It is further relevant that on September 6, 2019, Plaintiffs made a pre-filing settlement demand to QT regarding their alleged injuries in amount greater than $75,000.

12. Accordingly, the evidence sufficiently satisfies the amount in controversy requirement. *See Thomas v. Mann*, No. 06-3269-CV-S-WAK, 2006 WL 2620644, at *2 (W.D. Mo. Sept. 12, 2006) (exercising removal jurisdiction due to the alleged physical injuries and because plaintiff's $95,000 settlement demand is "considerably in excess of $75,000, the court cannot say that there is a legal certainty that the amount in controversy is less than $75,000").

**THIS NOTICE IS PROCEDURALLY PROPER**

13. The initial time within which QT is required by the laws of the State of Missouri to answer or otherwise plead in response to Plaintiffs' Petition has not expired, and QT has not answered or otherwise pleaded in response to the Petition.

14. This Notice of Removal is timely under 28 U.S.C. 1446(b), in that it is filed by QT within 30 days of service of the Petition and summons. (*See* Exhibit A, Notice of Service).

15. No previous Notice of Removal has been filed in or made to this Court for the relief sought herein.

16. Pursuant to 28 U.S.C. §1446, QT is filing a Notice of Removal with the Court Administrator for Jackson County, Missouri, and QT will promptly serve the same upon Plaintiffs' counsel.

PLEASE TAKE FURTHER NOTICE that, in the event Plaintiffs seek to remand this case or the Court considers remand, *sua sponte*, QT requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

WHEREFORE, QuikTrip Corporation prays that the above captioned case pending in the Circuit Court of Jackson County, Missouri, be removed to this federal court for further proceedings based on diversity of citizenship jurisdiction, that this court take jurisdiction herein, and for any other and further relief as this court deems just and proper.

ARMSTRONG TEASDALE LLP

By: /s/ *Brian M. Nye*
    Karrie J. Clinkinbeard    MO #51413
    Brian M. Nye    MO #69545
    2345 Grand Boulevard, Suite 1500
    Kansas City, Missouri 64108-2617
    816.221.3420
    816.221.0786 (Facsimile)
    kclinkinbeard@atllp.com
    bnye@atllp.com

ATTORNEYS FOR DEFENDANT QUIKTRIP CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 18, 2020, a true and accurate copy of the foregoing document was served upon the following via electronic mail:

John E. Turner
Christopher P. Sweeny
Marty W. Seaton
10401 Holmes Road, Suite 450
Kansas City, Missouri 64131
turner-sweeny@msn.com
csweeny@turnersweeny.com
mesaton@turnersweeny.com
*Attorneys for Plaintiff*

                                                  /s/ *Brian M. Nye*